UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BARBARA LARSON,<br><br>    Plaintiff,<br><br>v.<br><br>JOHN HANCOCK LIFE INSURANCE COMPANY (U.S.A.),<br><br>    Defendant. | Case No. 16-cv-06678-HSG<br><br>**ORDER GRANTING PLAINTIFF'S MOTION FOR REMAND**<br><br>Re: Dkt. No. 9 |

This is a class action lawsuit for breach of contract and declaratory relief, filed in Alameda County Superior Court on April 29, 2016, and served upon Defendant on May 3, 2016. Dkt. No. 1-2, Ex. 1 at 6–23 ("Compl."); Dkt. No. 1-3, Ex. 2 (Proof of Service). Defendant John Hancock Life Insurance Company (U.S.A.) filed its notice of removal on November 17, 2016. Dkt. No. 1. Pending before the Court is Plaintiff Barbara Larson's motion for remand, filed on November 21, 2016. Dkt. No. 9. The motion is fully briefed. *See* Dkt. Nos. 9, 22, 25. The Court finds that this matter is appropriate for disposition without oral argument and the matter is deemed submitted. *See* Civil L.R. 7-1(b).

Remand is required. The Court lacks subject matter jurisdiction under the Securities Litigation Uniform Standards Act ("SLUSA"), and this case is not removable under 15 U.S.C. § 78bb (2012). On this issue, *Freeman Investments, L.P. v. Pac. Life Ins. Co.*, 704 F.3d 1110 (9th Cir. 2013), is materially indistinguishable and controlling. *See* 704 F.3d at 1113, 1115-16, 1118 (posing the question "Does SLUSA displace class actions alleging breach of a variable life insurance contract?," and finding that class claims for breach of contract were not precluded by SLUSA). Defendant's effort to distinguish *Freeman* based on a purported distinction between "breach-from-inception" claims and "later-breach" claims, Opp. at 2, is unsupported by anything in the reasoning of *Freeman*. The Court is also unpersuaded by Defendant's attempt to distinguish

*Freeman* by relying upon *Pauma Band of Luiseno Mission Indians of Pauma & Yuima Reservation v. California*, 813 F.3d 1155 (9th Cir. 2015), *cert. denied*, 136 S. Ct. 2511 (2016), *and cert. denied sub nom. Pauma Band of Luiseno Mission Indians of the Pauma & Yuima Reservation v. California*, 136 S. Ct. 2512 (2016). *Pauma* did not discuss *Freeman*, did not involve SLUSA or variable life insurance, and does not change the Court's conclusion that *Freeman* conclusively requires remand of this breach of contract case.

In addition, removal was untimely. Defendant could have reasonably ascertained its now-claimed basis for removal from the Complaint that was served on May 3, 2016, but waited until November 17, 2016 to file its notice of removal. Defendant thus missed, by far, its 30 day removal deadline. *See* 28 U.S.C. § 1446(b)(1) ("The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based . . . ."); *Fristoe v. Reynolds Metals Co.*, 615 F.2d 1209, 1212 (9th Cir. 1980) ("[T]he time limit [of 28 U.S.C. § 1446(b)] is mandatory and a timely objection to a late petition will defeat removal . . . ."); *Kuxhausen v. BMW Fin. Servs. NA LLC*, 707 F.3d 1136, 1139 (9th Cir. 2013) ("[T]he ground for removal must be revealed affirmatively in the initial pleading in order for the first thirty-day clock under § 1446(b) to begin . . . [but] the statute 'requires a defendant to apply a reasonable amount of intelligence in ascertaining removability.'" (quoting *Whitaker v. Am. Telecasting, Inc.*, 261 F.3d 196, 206 (2d Cir. 2001)).

For the foregoing reasons, the Court **GRANTS** the motion to remand, and **ORDERS** this case remanded to Alameda County Superior Court.

**IT IS SO ORDERED.**

Dated: 12/7/2016

HAYWOOD S. GILLIAM, JR.
United States District Judge

2